FILED
Case:17-02016-MJK    Doc#:29    Filed:06/07/19    Entered:06/07/19 17 Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Brunswick, Georgia
By jbergen at 5:07 pm, Jun 07, 2019

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | No. 07-20244 |
| MARVIN B. SMITH, III, and | ) | |
| SHARON H. SMITH, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| MARVIN B. SMITH, III, and | ) | ADVERSARY |
| SHARON H. SMITH, | ) | PROCEEDING |
| | ) | No. 17-02016 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HSBC BANK USA, | ) | |
| HSBC BANK USA, N.A., and | ) | |
| HSBC BANK USA, NATIONAL | ) | |
| ASSOCIATION as TRUSTEE for the | ) | |
| HOLDERS of BCAP LLC TRUST 2006- | ) | |
| AA2, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF DISMISSAL WITH PREJUDICE**

Plaintiffs Marvin B. Smith, III, and Sharon H. Smith (collectively, the "Smiths")

filed a complaint (A.P. ECF No. 1)[1] (the "Complaint") with the Bankruptcy Court Clerk's

---

[1] Docket citations beginning with "A.P." refer to the docket in the present adversary proceeding, No. 17-02016. Docket citations beginning with "D.C." refer to the docket in the related District Court case, No.

Office, initiating this adversary proceeding. In the Complaint, the Smiths named HSBC Bank USA, HSBC Bank, N.A., and HSBC Bank, USA, National Association as Trustee for the Holders of BCAP Trust LLC 2006-AA2 (individually and collectively, "HSBC") as Defendants and alleged one violation of the automatic stay under 11 U.S.C. § 362(a) and two nonbankruptcy claims.[2] HSBC responded to the Complaint by filing a Motion to Dismiss (A.P. ECF No. 5) (the "Motion"). After careful consideration of all the submissions in this case, including those in the underlying bankruptcy case incorporated by reference by the parties, and the relevant law, for the reasons stated below, the Motion will be granted and the Complaint will be dismissed.

## BACKGROUND

The Smiths filed for bankruptcy on April 2, 2007. On November 12, 2008, this Court[3] entered a Consent Order Modifying the Automatic Stay (ECF No. 174) (the "Consent Order") in which the Smiths agreed through counsel to a modification of the automatic stay with respect to the Smiths' former residence located at 311 10th Street, Unit B, St. Simons Island, Georgia (the "Property"). Sometime thereafter, pursuant to the terms of the Consent Order, the automatic stay was deemed lifted without further

---

2:15-cv-70. All other citations to the docket refer to the docket in the underlying bankruptcy case, No. 07-20244.

[2] There are several allegations under each "count" in the Complaint. For ease of understanding, the Court will refer to the "counts" as claims, which is meant to include all of the allegations under them. This in no way is a determination on whether any of the Smiths' allegations constitute causes of action.

[3] The underlying bankruptcy case, No. 07-20244, was originally assigned to the Honorable John S. Dalis. Following his retirement, the case was reassigned on June 26, 2017.

hearing or order to allow Countrywide Home Loans, Inc., as servicing agent for HSBC (in such capacity, "Countrywide") and its successors and assigns, to pursue its state law remedies, including foreclosure, with respect to the Property. Because the stay had been lifted as to the Property, the chapter 7 trustee (the "Trustee") determined the Property was "burdensome and of inconsequential value to the estate" and filed a notice of abandonment on April 25, 2012. (ECF No. 555.) HSBC foreclosed upon the Property on May 5, 2015. Upon foreclosure, title to the Property passed to HSBC. The Smiths received a discharge on June 1, 2016. (ECF No. 699.) The Smiths were removed from the Property on August 14, 2017, after HSBC initiated dispossessory proceedings.

In the Complaint, the Smiths make various allegations regarding the invalidity of the assignments of the loan and related debt documents. All of the Smiths' claims rest on their argument that HSBC does not have a secured interest in the Property because the assignments of the loan and related debt documents were not valid. First, the Smiths request a determination of the validity, priority, or extent of HSBC's interest in the Property pursuant to Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 7001(2). The Smiths further allege that HSBC: (a) does not own the loan secured by the Property; (b) is not the holder of the promissory note securing the loan; (c) is not a real party in interest to the Consent Order; (d) has not requested stay relief; and (e) was not granted stay relief under the Consent Order. (A.P. ECF No. 1 at 7-9.) With respect to HSBC's interest in the Property, the Smiths request a declaratory judgment indicating that: (i) HSBC is not the

3

owner of the loan, note, or security deed; (ii) HSBC has no right to enforce the security deed; (iii) HSBC has no security interest in the Property; (iv) no party owns the note, loan, or security deed on the basis of privity with HSBC as trustee; and (v) no successor party to HSBC Bank USA, N.A. as trustee can be the owner of the note, loan, or security deed. (A.P. ECF No. 1 at 17.)

Next, the Smiths assert that because Countrywide was the party that was granted stay relief by the Consent Order, HSBC violated the automatic stay when it foreclosed on the Property and again when the Smiths were dispossessed in 2017. With respect to the alleged automatic stay violations, the Smiths seek injunctive relief, a declaratory judgment, and monetary damages. The Smiths' request for a determination of HSBC's interest in the Property under F.R.B.P. 7001(2) and the alleged automatic stay violation claims are collectively referred to herein as the "bankruptcy claims."

The Smiths also assert claims for HSBC's alleged violations of O.C.G.A. §§ 16-8-100 et. seq. (the "Georgia Residential Mortgage Fraud Act"). The Smiths make various allegations regarding the validity of the assignments of the loan and related debt documents, and further allege that the Assignment of the Security Deed and the Deed Under Power recorded by HSBC are "false documents," and that the recording of such documents by HSBC was in violation of the Georgia Residential Mortgage Fraud Act. (A.P. ECF No. 1 at 11.) The Smiths' asserted claims under the Georgia Residential Mortgage Fraud Act are collectively referred to herein as the "mortgage fraud claims."

4

In connection with the mortgage fraud claims, the Smiths assert that because Marvin Smith is 82 years old and Sharon Smith is 66 years old, HSBC's alleged mortgage fraud constitutes financial exploitation of elder persons under O.C.G.A. § 30-5-3. (A.P. ECF No. 1 at 15-16.) The accusations of elder abuse are collectively referred to herein as the "elder abuse claims." The Smiths seek to recover treble damages, plus legal fees and costs for any mortgage fraud claim and elder abuse claim, in addition to a declaratory ruling that that the recorded Assignment of Security Deed and Deed Under Power are false documents and are null and void.

In its Motion, HSBC asserts the following bases for dismissal: (a) the Complaint fails to state a claim for relief because this Court lacks subject matter jurisdiction under F.R.B.P. 7012(b)(1); (b) the Complaint is barred by the doctrines of res judicata and collateral estoppel because multiple courts of competent jurisdiction have ruled on the merits of the Smiths' claims, HSBC was a party to all of the Smiths' prior lawsuits, and the Smiths' previous cases involved the same operative facts as alleged in the Complaint; (c) HSBC was granted stay relief under the terms of the Consent Order entered into by Countrywide; (d) the Complaint fails to allege sufficient facts to state a claim to set aside the foreclosure sale because the Smiths have failed to allege that they have paid the amount owed on the loan and because the Smiths do not have standing to challenge the validity of the assignment; and (e) the Complaint fails to state a claim for declaratory

relief as it fails to identify any specific reason why such relief would be appropriate and no uncertainty exists about any future action by the Smiths or HSBC. (A.P. ECF No. 5-1.)

Beyond the Complaint and the Motion, the filings by both parties in this case have been numerous and the Court sees fit to summarize them here. After HSBC filed the instant Motion, the Smiths responded (the "Response") disputing HSBC's arguments. (A.P. ECF No. 6.) However, in the Response, the Smiths failed to present any newfound evidence.[4] Thereafter, the Smiths filed a document entitled "Plaintiffs' Rule 26(f) Report and Motion to Enter Default Judgment." (A.P. ECF No. 8.) The Smiths claimed a default judgment should be entered in their favor due to HSBC's alleged noncompliance with F.R.B.P. 7026(f). The same day, HSBC sought a stay of discovery and pretrial deadlines pending the Court's decision on the Motion. (A.P. ECF No. 10.) The Court granted a stay (A.P. ECF No. 17), but not before the parties exchanged briefs respectively supporting and opposing it (A.P. ECF Nos. 13, 14, 15.) Also before the Court granted the stay, the Smiths filed a Motion for Entry of Default (the "Default Motion") as to HSBC Bank USA,

---

[4] The Smiths supplemented the Response a few days later with a 31-page supplemental memo (the "First Supplement") that quoted large portions of their Complaint. (A.P. ECF No. 7.) Thereafter, they filed a second supplement (the "Second Supplement") to their Response. The Second Supplement was a copy of the appellate brief they filed in District Court from their appeal of an order in their underlying bankruptcy case. (A.P. ECF No. 20.) The District Court later denied their appeal and affirmed this Court's previous order. Tireless, the Smiths submitted a third supplement (the "Third Supplement") in which they claimed to have new evidence to present to the Court. (A.P. ECF Nos. 25, 26.) However, the evidence—a letter from Nationstar Mortgage LLC to the Smiths stating without specificity that "[o]ur records indicate that the debt associated with the [Property] was subject of a bankruptcy proceeding and discharged by order of the Court"—does not have the effect of altering previous orders or this Order. The District Court has addressed and rejected the same argument. (D.C. ECF No. 106 at 5-8.)

N.A.[5] (A.P. ECF No. 16.) In the Default Motion, the Smiths asserted that HSBC Bank USA, N.A.—the specifically named defendant—had failed to submit a timely answer to the Complaint, and so the Smiths were entitled to entry of default against it. HSBC responded, denying that the Smiths were entitled to an entry of default because HSBC had demonstrated its intent to defend the action by filing the Motion, and the Smiths had failed to provide any evidence to support their demand for entry of default. (A.P. ECF No. 19.) The parties continued this back and forth with several more filings disputing the appropriateness of entry of default. (A.P. ECF Nos. 22, 23, 24.) With this long history reviewed and considered, the Court will now turn to HSBC's Motion.

## ANALYSIS

### I. Jurisdiction

Before going any further, this Court must determine whether it has subject matter jurisdiction over the claims in the Complaint. In this District, the District Court has referred all "civil proceedings arising under title 11, or arising in or related to cases under title 11" to the Bankruptcy Court with a standing order. In re Jurisdiction of the U.S. Bankruptcy Court for the Southern District of Georgia, (July 13, 1984); see also 28 U.S.C. §§ 157, 1334(b). Thus, "a bankruptcy court's jurisdiction must be based on the 'arising under,' 'arising in,' or 'related to' language of 28 U.S.C. §§ 157(a) and 1334(b)." In re

---

[5] The Smiths essentially repeated this filing a month later by filing a Motion for Clerk's Entry of Default without any new information or arguments. (A.P. ECF No. 21.)

Faloye, 459 B.R. 865, 868 (Bankr. N.D. Ga. 2011); see also Trusted Net Media Holdings, LLC v. The Morrison Agency, Inc. (In re Trusted Net Media Holdings, LLC), 550 F.3d 1035, 1039 (11th Cir. 2008). "A claim 'arises under' title 11 if the cause of action 'invok[es] a substantive right created by the Bankruptcy Code,' and it 'arises in' a case under title 11 if the claim would arise only in a bankruptcy context." Faloye, 459 B.R. at 868 (citing Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo), 170 F.3d 1340, 1344–45 (11th Cir. 1999)).

Accordingly, this Court retains jurisdiction over the Smiths' claims that allege HSBC violated the automatic stay under Section 362 because those claims directly "arise under" the Bankruptcy Code (the "Code"). See Alcantara v. Citimortgage, Inc. (In re Alcantara), 389 B.R. 270, 274 (Bankr. M.D. Fla. 2008) ("All counts of the Amended Class Action Complaint allege violations of the automatic stay imposed by 11 U.S.C. § 362(a)(6), and those actions 'arise under' the Bankruptcy Code as to the Debtors."). The Smiths' remaining, nonbankruptcy claims for alleged mortgage fraud and elder abuse (A.P. ECF No. 1 at 12-19) do not "arise under" title 11 by invoking a substantive right in the Code, nor do they "arise in" the Smiths' bankruptcy case by existing only in the bankruptcy context. See Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo), 170 F.3d 1340, 1344-45 (11th Cir. 1999). Therefore, this Court does not have "arising in" or "arising under" subject matter jurisdiction over those claims.

The only type of jurisdiction this Court could have over the Smiths' nonbankruptcy claims then is "related to" jurisdiction. "Related to" jurisdiction exists when "the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.), 910 F.2d 784, 788 (11th Cir. 1990) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). "Related to" jurisdiction includes "(1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995). However, "where there is no bankruptcy estate remaining, there can be no 'related to' jurisdiction." Moffitt v Am. Serv. Co. (In re Moffitt), 406 B.R. 825, 831 (Bankr. E.D. Ark. 2009) (citing McAlpin v. Educ. Credit Mgmt. Corp. (In re McAlpin), 278 F.3d 866, 868 (8th Cir. 2002)).

In their underlying bankruptcy case, the Smiths were granted a discharge on June 1, 2016. (ECF No. 699.) The Trustee filed his final account[6] of the Smiths' case and a certification that the bankruptcy estate had been fully administered with the Court on September 15, 2016, ending his administration of the bankruptcy estate. (ECF No. 709.) When the Trustee completed his administration of the bankruptcy estate, the bankruptcy estate ceased to exist, as did the "related to" jurisdiction of this Court. Moffitt, 406 B.R. at

---

[6] Chapter 7 trustees have a duty to make a report and file a final account of the administration of the estate with the Court. See 11 U.S.C. § 704(a)(9). Under F.R.B.P. 5009, once the final report and final account have been filed and the trustee certifies that the estate has been fully administered, and if no objection to such certification is filed within 30 days of its filing, it is presumed that the estate has been fully administered.

832-33 & n.7 ("Existence of a bankruptcy estate is critical when the court is determining whether it has 'related to' jurisdiction."); Rodriguez v. Countrywide Home Loans (In re Rodriguez), 396 B.R. 436, 453 (Bankr. S.D. Tex. 2008); Citigroup, Inc. v. Harris (In re Harris), 306 B.R. 357, 364 (M.D. Ala. 2004). Without a bankruptcy estate, this Court cannot have "related to" jurisdiction over any of the Smiths' nonbankruptcy claims.

The Court lacks subject matter jurisdiction over the Smiths' remaining, nonbankruptcy claims for mortgage fraud and elder abuse (A.P. ECF No. 1 at 12-19). Those claims do not "arise in" or "arise under" the Code, and "related to" jurisdiction is no longer available since the dissolution of the Smiths' bankruptcy estate. Accordingly, this Court will not analyze the nonbankruptcy claims asserted by the Smiths or the defenses presented by HSBC, as the Court, without jurisdiction, has no authority to hear those issues. Any dispute the Smiths have with HSBC with respect to the ownership and servicing of their former mortgage and related documents must be decided in the proper forum, which is not this Court. This Court's subject matter jurisdiction extends only to the bankruptcy claims. As such, the nonbankruptcy claims will be dismissed for lack of subject matter jurisdiction.

## II. Bankruptcy Claims

The Smiths allege that HSBC violated the automatic stay under 11 U.S.C. § 362 by foreclosing on the Property and seek a determination of the extent and validity of HSBC's lien, pursuant to F.R.B.P. 7001(2), arguing that HSBC is not a real party in interest. (A.P.

ECF No. 1 at 9.) The Court finds that such bankruptcy claims are barred by res judicata. The Smiths have repeatedly and abusively attempted to circumvent HSBC's right to relief from the stay—relief that they agreed upon in the Consent Order more than a decade ago. Further, the Smiths seek relief that has subsequently been denied to them by both this Court and the District Court.

During the pendency of their bankruptcy case, the Smiths pursued a wrongful foreclosure action in District Court. In that case, the Smiths sought the same relief they seek here: an order against HSBC enforcing the automatic stay. (D.C. ECF No. 69.) The District Court denied their request in an order (D.C. ECF No. 70) (the "<u>First District Court Order</u>") finding that when Countrywide was granted relief from the automatic stay under the terms of the Consent Order, so was HSBC, making it a real party in interest. In response to the First District Court Order, the Smiths sought reconsideration (D.C. ECF No. 85), which the District Court denied (D.C. ECF No. 95) (the "<u>Second District Court Order</u>"). In the Second District Court Order, the District Court reiterated that HSBC was granted relief from the automatic stay via the Consent Order.

Meanwhile, in their underlying bankruptcy case in this Court, the Smiths tried to enforce the automatic stay by motion against HSBC. On December 5, 2017, this Court denied enforcement of the automatic stay, explaining that the Smiths' claims were barred by res judicata based upon the First District Court Order. (ECF No. 740.) The Smiths timely appealed this Court's order. The District Court affirmed this Court's decision,

denying enforcement of the automatic stay and confirming that the Smiths' arguments were barred by res judicata. (ECF No. 753.) The Smiths appealed the District Court's affirmance to the Eleventh Circuit Court of Appeals, which affirmed the District Court. (D.C. ECF No. 107.)

Thus, this is not the first time in the Smiths' tangled web of litigation that they have been stopped by res judicata. Repeat litigation of a claim that was brought or could have been brought in an earlier proceeding is prohibited. Res judicata applies to subsequent litigation when there has been (1) "a final judgment on the merits," (2) made by an appropriate court, (3) involving the same parties or "those in privity with them," and (4) the same cause of action. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). A "judgment" includes "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). A judgment is "on the merits" when the decision is not reached on procedural grounds, but upon the facts of the case. See Vasquez v. YII Shipping Co., 692 F.3d 1192, 1199 (11th Cir. 2012). The First District Court Order satisfies all four conditions of claim preclusion. The Smiths, *for the second time*, are attempting to present identical claims of violations of the stay to this Court after they were unsuccessful in District Court. This Court will not entertain claims that the District Court has or could have already addressed. Accordingly, the bankruptcy claims in the Complaint will be dismissed with prejudice.

## CONCLUSION

This Court lacks subject matter jurisdiction over the Smiths' nonbankruptcy claims, as these claims neither arise under title 11 nor do they exist only in the bankruptcy context. Further, such claims do not have any effect on the bankruptcy estate. Though this Court has subject matter jurisdiction over the Smiths' bankruptcy claims, including challenges to the Consent Order, such claims have long been resolved and are barred by res judicata. Further, this Court is bound by prior orders of the District Court orders holding that HSBC was a real party in interest and was granted relief from the automatic stay when Countrywide was granted such relief under the Consent Order.

**IT IS THEREFORE ORDERED** that HSBC's Motion is **GRANTED**; and

**FURTHER ORDERED** that the Smiths' nonbankruptcy claims are **DISMISSED** for lack of subject matter jurisdiction; and

**FURTHER ORDERED** that the Smiths' bankruptcy claims are **DISMISSED WITH PREJUDICE** on res judicata grounds; and

**FURTHER ORDERED** that all other outstanding motions in this adversary proceeding, No. 17-02016, are **DENIED** as moot.

Michele J. Kim
United States Bankruptcy Court
Southern District of Georgia

Dated at Brunswick, Georgia,
this 7th day of June, 2019.